Mathis, J.
delivered the opinion of the court. This is a case in which a tableau of distribution Of the insolvent’s estate is offered for homologation, by the syndics, and opposed by two of the creditors. They cflaim, as a debt priviledged on all the moveable property of the insolveíÉ, the taxed costs of certain suits, which they had prosecuted against him previous to his failure, and rely on that part of the statute which grants a priviledge to law charges, in general terms, without confining or limiting the expression to any specific costs and charges. Civ. Cade, 468, art. $3. It is contended by the syndics that this part of our code is expressed in terms similar to those of the SlOlst article of the Napoleon code, aud the construction and interpretation given by French jurists to the latter ought to be adopted by the courts of this state. According to this, the terms fraix de justice (which correspond to the English words law charges J tire confined to those expenses, v. hich arise out of proceedings instituted for the benefit and preservation of the estate of the insolvent; and a number of authorities are cited, for ttiis confined application of these terms. But, ’’tfith whatever deference and respéct, we may view' the opinions of the authors cited, we are certainly not bound to adopt them. As the *54 article of oar code is indefinite- and does not distinguish and limit the species of law charges intended to be embraced by it, courts of justice cannot make any distinction.
We are of Opinion, that the statute accords to the appellees, the priviledge they contend, for, as to every kind of judicial cost which may have been properly taxed against the insolvent.
It is therefore-ordered, adjudged aud decreed that the judgment of the parish court be affirmed with costs.